Chapa Prods., Corp. v MVAIC (2026 NY Slip Op 00342)

Chapa Prods., Corp. v MVAIC

2026 NY Slip Op 00342

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2020-09296
 (Index No. 26643/15)

[*1]Chapa Products, Corp., etc., respondent, 
vMVAIC, appellant.

Marshall & Marshall, PLLC, Jericho, NY (David A. Gierasch of counsel), for appellant.

DECISION & ORDER
In an action to recover no-fault benefits, the defendant appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts dated November 1, 2019. The order, insofar as appealed from, modified an order of the Civil Court of the City of New York, Kings County (Richard J. Montelione, J.), dated March 17, 2017, by providing that the defendant's cross-motion for summary judgment dismissing the complaint is denied and, upon searching the record, the complaint is dismissed without prejudice.
ORDERED that the order dated November 1, 2019, is reversed insofar as appealed from, on the law, with costs, and so much of the order dated March 17, 2017, as granted the defendant's cross-motion for summary judgment dismissing the complaint is affirmed.
The plaintiff, a medical provider, commenced this action against the defendant insurer to recover assigned no-fault benefits for medical services provided to an insured. The plaintiff moved for summary judgment on the complaint. The defendant cross-moved for summary judgment dismissing the complaint, arguing, inter alia, that the plaintiff failed to provide requested verification within 120 days of the defendant's initial verification request in violation of 11 NYCRR 65-3.8(b)(3). In an order dated March 17, 2017, the Civil Court, among other things, denied the plaintiff's motion and granted the defendant's cross-motion.
In an order dated November 1, 2019, the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts modified the order dated March 17, 2017, by providing that the defendant's cross-motion for summary judgment dismissing the complaint is denied and, upon searching the record, the complaint is dismissed without prejudice. The Appellate Term determined that the defendant, in failing to deny the plaintiff's claim on the ground that the plaintiff failed to provide requested verification within 120 days of the defendant's initial verification request, within 30 days of the expiration of the 120-day period, was precluded from asserting that defense. By order of the Appellate Term dated May 1, 2020, the defendant was granted leave to appeal to this Court.
11 NYCRR 65-3.8(b)(3), the relevant regulation, unambiguously states that "an insurer may issue a denial if, more than 120 calendar days after the initial request for verification, the applicant has not submitted all such verification under the applicant's control or possession or written proof providing reasonable justification for the failure to comply." The regulations do not [*2]specify a time frame under which the insurer must issue a denial following the 120-day period. Had the New York State Department of Financial Services intended to impose a mandatory 150-day time limit to issue a denial for failure to provide the requested verification, it would have included such language in the regulations (see Patrolmen's Benevolent Assn. of City of N.Y. v City of New York , 41 NY2d 205, 209). Under these circumstances, the Appellate Term improperly determined that the defendant's denial of the plaintiff's claim was untimely because it was not within 150 days of the initial verification request. Accordingly, the Appellate Term should have affirmed so much of the Civil Court's order as granted the defendant's cross-motion for summary judgment dismissing the complaint.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court